## STATE OF FLORIDA v SMITH

Case No. 89-91AC10 (County Court Case No. 89-12975MM10)

*Seventeenth Judicial Circuit, Broward County*

July 3, 1990

### APPEARANCES OF COUNSEL

**Lewis Michael, Esquire,** Assistant State Attorney, for appellant.

**Gerald Michael Cunningham, Esquire,** for appellee.

### OPINION OF THE COURT

PATTI ENGLANDER HENNING, Circuit Judge.

THIS CAUSE comes before the Court upon the appeal of a convic-

tion entered against Appellee, Lester Raymond Smith, who was charged by Information on June 8, 1989, with driving under the influence, contrary to § 316.193(1), Fla. Stat.

The Appellee, under the name Lester Raymond Smith, was convicted as charged and the court deferred sentencing to clarify whether he had any other DUI convictions.

On October 4, 1989, the Appellee was sentenced to the DUI minimums there being no showing to the lower court that the Defendant had prior convictions. However, within minutes after the sentencing the court was informed by a Florida Highway Patrol Investigator that the Appellee's true name was Raymond E. Contenti; that Appellee had an active warrant from New York State for his arrest; and that his New York State driving record showed three (3) prior DUI convictions and a currently pending DUI.

Based on this information, the court sentenced the Appellee to serve five months and twenty-nine days in Broward County Jail for contempt of court.

The State moved to correct the Appellee's sentence since the present conviction was his fourth rather than first DUI conviction. The Appellant argued that the punishment could be up to a $5000 fine and 5 years in the Florida State Prison system pursuant to Fla. Stat. 316.193(1).

The Appellant's motion to correct the sentence was denied by the county court. This appeal followed.

It is true that Fla. Stat. 316.193(1) classifies a fourth DUI conviction as a third degree felony. However, the county court has absolutely no jurisdiction over felony cases. This case was filed and tried by the State as a misdemeanor. A finding of guilt on that charge cannot make it a felony no matter how many prior convictions the Defendant may have had. The county court is without power to resentence the Defendant as requested by the State.

Accordingly, it is hereby,

ORDERED AND ADJUDGED that the sentence imposed on the Defendant by the lower court is AFFIRMED.

DONE AND ORDERED in Chambers, at the Broward County Courthouse, 201 Southeast Sixth Street, Fort Lauderdale, Broward County, Florida 33301, this 3rd day of July, 1990.